NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QILIN LIN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74139<br><br>Agency No. A201-212-974<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Qilin Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and we remand.

Substantial evidence does not support the agency's reliance on inconsistencies as to dates and an inconsistency as to whether Lin was six or seven months pregnant when she saw a doctor, in finding her not credible. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) ("an asylum applicant's failure to be specific about the date of a traumatic experience is rarely probative of . . . her veracity."). When given the opportunity, Lin corrected herself and explained any discrepancy in the dates of the events which occurred 14 years before her hearing. *See id.* at 1087 (adverse credibility determination not supported by petitioner's error regarding his year of baptism, a "quickly-corrected innocent mistake"). Further, substantial evidence does not support the agency's reliance on Lin's omission from her written application of information the IJ elicited for the first time after direct and cross-examination to support the adverse credibility determination. *See Lai v. Holder*, 773 F.3d 966, 973-75 (9th Cir. 2014) (adverse credibility determination not supported by supplemental but not inconsistent information elicited for the first time by the IJ's and government attorney's

questions after direct examination).

Thus, we grant the petition for review and remand Lin's asylum and withholding of removal claims on an open record for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**